**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **HENRY CHERRY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 1:24-cv-02087-MPB-MJD** |
| | ) | |
| **CITY OF INDIANAPOLIS,** | ) | |
| **KATIE TRENNAPOHL, and** | ) | |
| **JODY NEWSOM, in** | ) | |
| **their official and individual capacities.** | ) | |
| **Defendant.** | ) | |

## THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Henry Cherry ("Cherry" or "Plaintiff"), by counsel, against Defendants, City of Indianapolis ("City of Indy"); Katie Trennapohl, in her official and individual capacity ("Trennapohl"); Jody Newsom, in her official and individual capacity ("Newsom") (collectively "Defendants"), alleging violations of as amended, 42 U.S.C. § 12101 *et. seq*., the Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*.; the Civil Rights Act of 1866, as amended 42 U.S.C. § 1981 ("Section 1981"); and 14th Amendment of the Constitution pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983 ("Section 1983").

2. Said individuals are being sued in their official capacity, for prospective and injunctive relief and in their individual capacity, for violating Plaintiff's clearly established rights under the 14th Amendment of the Constitution pursuant to Section 1983.

## II. PARTIES

3. Cherry is a resident of Marion County, Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

4. Defendant, City of Indy, is a governmental entity located within the geographical boundaries of the Southern District of Indiana, and the City of Indianapolis Animal Control is an agency within the City of Indy.

5. Defendant, Trennapohl, is/was the Deputy Director of Animal Control for the City of Indy. Trennapohl performed administrative and ministerial duties on behalf of the City of Indy within the Southern District of Indiana at all times relevant to this action.

6. Defendant, Newsom, is/was an employee within the Human Resources Department of Animal Control for the City of Indy. Newsom performed administrative and ministerial duties on behalf of the City of Indy within the Southern District of Indiana at all times relevant to this action.

## III. JURISDICTION AND VENUE

7. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. §2000e-5(f)(3).

8. Defendant, City of Indy, is an "employer," as that term is defined by 42 U.S.C. §2000e(b).

9. Cherry was an "employee," as that term is defined by §2000e(f).

10. Trennapohl and Newsom are "persons" within the meaning of 42 U.S.C. § 1983.

11. Trennapohl and Newsom acting under color of state law and pursuant to a policy, practice and/or custom, violated Cherry's rights as protected by the Fourteenth Amendments of the United States Constitution.

12. Cherry satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination (Charge No.470-2024-01024) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant, City of Indy, alleging

discrimination based on his race and color. Cherry received his Notice of Suit Rights and timely files this action.

13. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATIONS

14. Cherry, a black / African American, was hired by the City of Indy's Animal Control Department in or about February 2012. Cherry was initially hired as an Animal Control Officer. During his employment, Cherry routinely met or exceeded the City of Indy's legitimate performance expectations.

15. As an Animal Control Officer, Cherry worked the day shift so that he could care for his son.

16. During the relevant time period, the Defendant, Trennapohl, served as the City of Indy's Animal Control Department's Deputy Director and the Defendant, Newsom, served as HR in the City of Indy's Animal Control Department.

17. On or about August 23, 2023, Newsom informed Cherry of allegations of sexual harassment that had been submitted against him. Cherry was interviewed by Newsom. During said interview, Cherry was not provided with any information regarding the allegations. Nor was he provided the opportunity to respond to said allegations.

18. Following this interview, Newsom recommended that Cherry be terminated.

19. On or about August 31, 2023, Trennapohl, who is Caucasian, told Cherry that he was terminated.

20. Prior to his termination, Charging Party was not given proper notice of the allegations of sexual harassment nor was he given a chance to rebut the allegations.

21. The City of Indy's sexual harassment policy states that it may be necessary in the investigation to give the name of the person filing the sexual harassment allegation so a fair investigation can take place.

22. Cherry denies any allegations of sexual harassment.

23. At the time of his termination, Charging Party requested a copy of the evidence supporting his termination. Trennapohl and/or Newsom, both of whom are Caucasian, refused to provide said evidence to Cherry.

24. Cherry timely filed a union grievance challenging his termination.

25. Pursuant to the collective bargaining agreement, discipline or discharge must be for just cause.

26. On or about September 14, 2023, Cherry and Steward Kristine McNeal met with Eva Flick ("Flick"), Caucasian and the Deputy Director of the City of Indy's Department of Business and Neighborhood Services, regarding Cherry's termination.

27. On or about October 4, 2023, Flick reversed the termination and found that the decision to terminate Cherry was not supported. Flick refused to reinstate Cherry. Instead, he was transferred to a Right of Way Inspector on or about October 9, 2023.

28. As an Animal Control Officer, Cherry made roughly $20.03/hr and $30/hr in overtime.

29. As a Right of Way Inspector, Cherry makes roughly $19.64/hr.

30. Cherry is aware of other individuals treated more favorably, including James Hambrick ("Hambrick"), who is Caucasian. Both Cherry and Hambrick worked for the City of

Indy's Animal Control Department. Both Cherry and Hambrick were accused of violating the City of Indy's "Courtesy and Respect, Rule C harassment or discrimination." Both Cherry and Hambrick were disciplined by Trennapohl instead of their supervisors. Yet, Cherry was terminated and then reinstated at a lesser role. Hambrick was given a "final notice" and permitted to remain in his current role without being demoted or terminated. Further, Hambrick was permitted to return to work with the person who brought the sexual harassment allegations against him.

31. Cherry has suffered damages as a result of the Defendant's actions.

## V. CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION

32. Cherry hereby incorporates paragraphs one (1) through thirty-one (31) of his Amended Complaint as if the same were set forth at length herein.

33. Cherry is a black African American.

34. Cherry was discriminated against based on his race. Specifically, he was terminated from employment and then reinstated in a lesser/ demoted role.

35. Defendant, City of Indy, subjected Cherry to disparate treatment and terms of employment on the basis of his race.

36. Defendant's, City of Indy, actions were intentional, willful, and taken in reckless disregard of Cherry's rights as protected by Title VII and Section 1981.

37. Cherry has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: FOURTEENTH AMENDMENT

38. Cherry hereby incorporates paragraphs one (1) through thirty-seven (37) of his Amended Complaint as if the same were set forth at length herein.

39. Cherry, pursuant to his employment with the City of Indy and collective bargaining agreement, has a constitutionally protected property interest in his employment as a public employee, which requires due process.

40. A collective bargaining agreement can create a protected property interest in continued employment sufficient for a due process claim. *See Roman v. U.S. Postal Serv.*, 821 F.2d 382, 386 (7th Cir. 1987) (a public employee's "property interest in continued employment" was "created by the collective bargaining agreement . . . which provides that no employee shall be disciplined or discharged without just cause.") (quotations omitted).

41. Cherry was given notice that there was a sexual harassment accusation made against him, and that he was subsequently interviewed by Newsom. However, Cherry was never provided the opportunity to rebut said claims or present rebutting evidence.

42. Further, Newsom refused to provide Cherry any details of the allegations made against him or who filed said allegations.

43. Trennapohl subsequently terminated Cherry without providing him with due process.

44. As plead, Cherry was not given an "explanation of the employer's evidence" or "an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

45. Further, Cherry was not given "a statement of reasons" as to the allegations against him "and an opportunity to be heard in response." *Bradley v. Vill. of Univ. Park, Ill.*, 929 F.3d 875, 882 (7th Cir. 2019).

46. Defendants, Newsom and Trennapohl, deprived Cherry of his rights by disciplining, demoting, and/or terminating his employment in violation of the Defendant's own policies and the 14th Amendment.

47. Cherry has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Henry Cherry, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Permanently enjoin Defendant, City of Indy, from engaging in any employment policy or practice that discriminates against an employee based on their race against any employee after engaging in a protected activity;

2. Permanently enjoin Defendant, Newsom and Trennapohl, from engaging in any employment policy or practice that violates an employee's rights under the Fourteenth Amendments of the United States Constitution;

3. Reinstate Plaintiff to the same or similar position, salary, and seniority level he would have enjoyed but for Defendant's, City of Indy, unlawful employment actions, or award him front pay in lieu thereof;

4. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

5. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

6. Award Plaintiff compensatory damages for Defendant's, City of Indy, violations of Section 1981 and Title VII;

7. Award Plaintiff punitive damages for Defendant's, City of Indy, violations of Section 1981 and Title VII;

8. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

9. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

10. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

By: */s/ Taylor Ferguson*

Taylor Ferguson, Atty No. 35524-22
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Office: (317) 991-4765
Facsimile: (812) 424-1005
E-Mail: terfuson@bdlegal.com

*Attorney for Plaintiff, Henry Cherry*

**DEMAND FOR JURY TRIAL**

Plaintiff, Henry Cherry, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

By: */s/ Taylor Ferguson*

Taylor Ferguson, Atty No. 35524-22
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Office: (317) 991-4765
Facsimile: (812) 424-1005
E-Mail: terfuson@bdlegal.com

*Attorney for Plaintiff, Henry Cherry*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will be served upon all counsel of record.

Brandon R. Newhart, Esq. (31438-71)
Assistant Corporation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, IN 46204
T: (317) 327-4055
F: (317) 327-3968
brandon.newhart@indy.gov
Counsel for Defendant

*/s/ Taylor Ferguson*
*Counsel for Plaintiff*